UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SHERI L. DEEN,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Case No. 2:15-cv-02035-AA

OPINION AND ORDER

---

Kathryn Tassinari
Mark A. Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
        Attorneys for Plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Sarah L. Martin
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
        Attorneys for Defendant

AIKEN, Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of her application for Supplemental Security Income benefits (SSI). Plaintiff argues that the case should be remanded for an award of benefits, or, alternatively, for further proceedings. After review of the record and the parties' submissions, the decision of the Commissioner is affirmed.

## BACKGROUND

On April 4, 2012, plaintiff protectively filed an application for SSI. Tr. 178-83. Her application was denied initially and on reconsideration. After timely requesting a hearing, on May 23, 2014, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 16. On June 20, 2014, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 13-28. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

Plaintiff was fifty-one years old at the time of the administrative hearing, with a tenth-grade education and past relevant work as a caregiver. Tr. 71-72. She alleges disability since January 17, 2012, due to bipolar disorder, anxiety, asthma and borderline intellectual functioning. Pl.'s Br. 1.

2 - OPINION AND ORDER

STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the relevant five-step evaluation process. *See* 20 C.F.R. § 416.920(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 18; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff has severe impairments of bipolar disorder, anxiety disorder, and polysubstance abuse; but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is considered "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Tr.18-19; 20 C.F.R. § 416.925(a); *id.* § 416.920(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform a full range of work at all exertional levels with no exposure to fumes, odors, dust, gases or poorly ventilated areas. Tr. 19. 20 C.F.R. § 416.920(e). The ALJ also found

3 - OPINION AND ORDER

that plaintiff could perform only "simple instructions in a work environment with few, if any, workplace changes," with no public contact, incidental co-worker contact, and occasional supervisor contact. Tr. 19. Based on these findings, the ALJ found that plaintiff could not perform her past relevant work at step four. Tr. 23; 20 C.F.R. § 416.920(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as a basket filler, hand packager, and electronics worker. Tr. 24. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to credit the opinion of Dr. Prescott, an examining psychologist, and the lay evidence. As a result, plaintiff maintains that the ALJ's RFC assessment and findings are invalid, and that plaintiff should be deemed disabled under the Act. Alternatively, plaintiff argues that the case should be remanded for further proceedings and development of the record through intellectual testing of plaintiff.

Plaintiff first argues that the ALJ erred by failing to credit Dr. Prescott's opinion. In March 2014, Dr. Prescott examined plaintiff and opined that plaintiff had marked limitations in following complex instructions and making complex decisions and marked limitations in her ability to interact appropriately with the public, supervisors, and coworkers and to respond appropriately to usual work situations and to changes in a routine work setting. Tr. 413-14.

The ALJ gave "substantial weight" to Dr. Prescott's opinion that plaintiff had "a marked inability to deal with others and to respond to routine changes in a work setting," Tr. 22-23, and

assessed plaintiff's RFC accordingly by limiting plaintiff to simple instructions, restricted contact with others, and few changes in the workplace. Tr. 19. Nonetheless, plaintiff argues that the ALJ's RFC assessment fails to account for the limitations noted by Dr. Prescott, in that the marked limitations found by Dr. Prescott equate to a "substantial loss" in plaintiff's ability to meet basic work-related activities and expectations, which justifies a finding of disability under Social Security Ruling 85-15. Pl.'s Br. at 13.

As emphasized by the Commissioner, SSR 85-15 does not compel a finding of disability; it merely states that a disability finding may be justified if the claimant has a substantial loss in the ability to respond appropriately in the workplace. In this case, the ALJ found that plaintiff was impaired in those areas and limited her exposure to the public, co-workers, supervisors, and workplace changes. Tr. 19, 23. The ALJ's assessment is consistent with the limitations found by Dr. Prescott; to the extent they diverge, the ALJ reasonably interpreted Dr. Prescott's findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (the ALJ has the duty and the authority to interpret the medical evidence); *Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (the ALJ's findings "are upheld if supported by inferences reasonably drawn from the record"). Even if the ALJ's failed to accommodate some aspect of Dr. Prescott's opinion, the ALJ noted that Dr. Prescott failed to consider plaintiff's failure to comply with treatment recommendations, exaggerated behavior, and repeated requests for controlled substances. Tr. 22. These are legally sufficient reasons to reject aspects of Dr. Prescott's opinion. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Accordingly, I find no error.

Next, plaintiff argues that the ALJ improperly rejected the lay witness statement of plaintiff's mother, who reported that plaintiff had significant limitations in performing activities of daily living. Tr. 236-41. The ALJ acknowledged this statement but found that it was not

credible for the same reasons that she found plaintiff's allegations not credible.. Tr. 20-21. Plaintiff does not challenge the ALJ's credibility finding, and the ALJ does not commit error by rejecting lay witness statements that are similar to allegations properly rejected by the ALJ. *Molina v. Astrue*, 674 F.3d 1104, 1116-19, 23 (9th Cir. 2012).

Finally, plaintiff contends that the ALJ erred in his step five finding by failing to include all of her limitations in the hypothetical presented to the VE. This argument is premised on the ALJ's alleged error in failing to credit Dr. Prescott's opinion. For the reasons explained above, I find no error.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of January, 2017.

_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER